IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FERNANDEZ MARTINEZ,

    Plaintiff,

v.                                                        Civ. No. 20-1052 SCY/LF

FEDEX GROUND PACKAGE SYSTEM,
INC.,

    Defendant.

## ORDER GRANTING MOTION TO AMEND

Plaintiff Fernandez Martinez brings a putative class action suit against Defendant FedEx Ground Package System, Inc., alleging violations of the New Mexico Minimum Wage Act ("NMMWA"). After Defendant filed a motion for summary judgment in which it argues that Martinez is an inadequate class representative, Plaintiff moved to amend his complaint to add another class representative. In this Order, which addresses the motion to amend but not the motion for summary judgment, the Court finds that, although late, Plaintiff's motion to amend the complaint to add a class representative ultimately promotes efficiency and increases the likelihood that the class claims will be resolved on the merits. Therefore, Plaintiff's Motion For Leave To Amend Complaint To Add New Named Plaintiff To Serve As Additional Class Representative, Doc. 63, is GRANTED.

Background

Plaintiff filed his complaint in federal court on October 12, 2020. Doc. 1. After the Court denied Defendant's motion to dismiss, the parties conducted discovery from May 2021 through February 2022. Docs. 30 & 50. Plaintiff's deadline to move to amend the complaint was July 9, 2021. Doc. 30 at 2.

Defendant filed a motion for summary judgment on February 11, 2022. Doc. 54. The motion argues that Plaintiff does not have a claim under the NMMWA for two reasons. First, Defendant argues, Plaintiff cannot pursue a claim under New Mexico law for work performed in another state and the undisputed evidence confirms that Plaintiff did not work more than 40 hours a week in New Mexico. Second, Defendant argues that Plaintiff was assigned "flat-rate hours" to different delivery routes based on each route's difficulty and volume, and so qualifies for the "flat rate" exemption under the NMMWA. Doc. 54-1 at 1-2.

Plaintiff opposed the motion for summary judgment, Doc. 61, and on March 18, filed the present Motion For Leave To Amend Complaint To Add New Named Plaintiff To Serve As Additional Class Representative. Doc. 63.[1] Plaintiff requests leave to amend his complaint to add a second named class representative, Shawnee Barrett. *Id.* at 10. The proposed First Amended Complaint alleges that Barrett was employed as a delivery driver for FedEx and worked over 40 hours a week without premium pay. Doc. 63-1 at ¶¶ 3, 20.

Governing Rules

Rule 15 provides that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "The . . . most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). If the

---

[1] The parties filed briefs in which the native pagination at the bottom of the document differs from the CM ECF pagination at the top of the document. Throughout this Order, the Court cites to the CM ECF pagination at the top of the filings.

deadline established by the court for amendments has passed, the movant must also establish good cause under Rule 16(b)(4) to amend the scheduling order. Fed. R. Civ. P. 16(b)(4) (a scheduling order may be modified "only for good cause and with the judge's consent."); *Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014).

<u>Analysis</u>

Presumably, Plaintiff moves for this amendment because he believes that Barrett does not face the same summary judgment issues Defendant raised with respect to Martinez. Plaintiff argues that "adding a new class representative, when the adequacy of the incumbent representative is challenged, is quite commonly permitted by district courts because it avoids protracted litigation on an ancillary issue." Doc. 63 at 2. "[P]re-certification amendment is more efficient than risking amendment after class certification is briefed (which would cause further delay and require re-opening of discovery), or forcing the proposed plaintiff to file a new action in this Court, which would waste judicial time and resources." *Id.* at 3.

Defendant argues that Plaintiff has long missed the amendment deadline, and cannot show good cause for the delay because Plaintiff should have known of the challenge to Martinez as adequate class representative as soon as Defendant raised questions about his employment in Colorado. Doc. 67 at 2-3. Defendant argues the additional class representative could necessitate extensive additional discovery: Barrett's deposition; written discovery related to Barrett's employment; and depositions of the three companies that employed Barrett during the relevant time period, the station manager of the Albuquerque Station, and the relevant district manager. *Id.* at 5-6.

      A.      <u>Plaintiff should have anticipated the legal issue that served as the catalyst for his motion to amend</u>

Plaintiff argues that his motion to amend is timely because he could not have anticipated until Defendant filed its motion for summary judgment that Defendant would challenge Martinez's adequacy as a class representative. Doc. 63 at 7. This argument is misplaced. More important than the question of what Plaintiff could have anticipated Defendant would file is the question of whether Plaintiff could have anticipated that jurisdictional or choice-of-law issues would arise. Plaintiff could have anticipated that Martinez's hours worked in Colorado might create a legal issue with his serving as a class representative in a case filed in New Mexico with claims arising under New Mexico law. Although Plaintiff does not concede that Martinez is an inadequate representative, Plaintiff acknowledges that the case law is unsettled. Doc. 68 at 4 (citing a case from the District of Colorado decided two months after Plaintiff filed his complaint). Thus, regardless of how the issue is ultimately resolved, even the case Plaintiff cites apparently flagged this precise issue not long after Plaintiff filed his complaint.

At the time Plaintiff Martinez filed his complaint, he would have been well aware that he worked many hours outside the state of New Mexico. Having knowledge of this at the time he filed his complaint, Plaintiff could have chosen a different, or additional, class representative that primarily worked inside New Mexico. Therefore, to the extent Plaintiff argues that he could not have foreseen the need to include a class representative who did not present a jurisdictional or choice-of-law issue, the Court rejects Plaintiff's contention.

      B.      <u>Waiting until after the close of discovery to move to amend the complaint creates an unnecessary delay in the completion of discovery</u>

The parties agree that granting Plaintiff's motion to amend will lead to additional discovery. Had Plaintiff identified the legal issue that motivated the motion to amend earlier, this discovery likely already would have been completed. Thus, the Court agrees with Defendant that

4

granting Plaintiff's motion will create a delay in the completion of discovery that need not have occurred.

The Court disagrees with Defendant, however, regarding the degree of prejudice such a delay will cause it. First, although adding Barrett as a plaintiff would require the completion of some additional discovery related to Barrett, it does not appear that adding a class representative plaintiff would significantly alter the complexion of this case or cause Defendant to retread a significant amount of already-covered ground. Granting Plaintiff's motion to amend to add a class representative will not change Plaintiff's class claims or theory of liability. Plaintiff Barrett's cause of action is the same as that of Plaintiff Martinez as well as the putative class. Further, because discovery was not bifurcated, as is often the case in class actions, the parties presumably have already completed a significant portion of discovery related to the class. Therefore, completion of discovery related to Barrett does not threaten to change the nature of this lawsuit or to hold up class discovery. *See* Doc. 67 at 6, 15-16 (describing impact on discovery).

Second, delay associated with this additional discovery would create little prejudice. Although the parties do not estimate how long this additional discovery would take, Plaintiff "agree[s] to make proposed plaintiff Shawnee Barrett available as soon as possible for deposition and will provide documents responsive to the Requests for Production and Interrogatories immediately." Doc. 63 at 10. Thus, it does not appear that previous delays about which Defendant complains, Doc. 67 at 6 n.1, will be an issue going forward. And, allowing Plaintiff to amend the complaint does not prevent Defendant from seeking an amended scheduling order with tight deadlines from Judge Fashing.

The Court notes that, although Plaintiff's motion comes after the February 11, 2022 date by which most discovery was to have been completed, the parties have always anticipated the need for more expert discovery and post-class-certification discovery. *See* Doc. 50 at 2 (Order granting parties' proposal that discovery terminate on February 11, 2022 "except expert discovery and any additional discovery permitted after the Court's decision on class certification"). Thus, discovery related to Barrett would not occur after all other discovery has been completed.

Further, the parties reasonably stipulated that Plaintiff's motion for class certification be due fourteen days after the Court resolves Defendant's currently pending motion for summary judgment. Doc. 57. The Court has not yet decided that motion and, while that motion is pending, the parties are free to engage in discovery related to Barrett. Thus, discovery completed while Defendant's motion for summary judgment is pending will not have the effect of delaying any aspect of this case.

Third, Defendant's argument does not consider the tools Judge Fashing has available to mitigate or remediate prejudice to Defendant. Among those tools are her ability to shift costs, set an aggressive discovery schedule, and to limit the amount of additional discovery.

    C.    <u>Denying Plaintiff's Motion to Amend could lead to a harsh result for the putative class</u>

Consideration of the harsh consequences denying Plaintiff's motion to amend could have on the putative class militates in favor of granting Defendant's motion to amend. If Defendant's argument about Martinez not being an adequate class representative is successful, denying Plaintiff's motion could wipe out potential claims of an entire class for reasons that have nothing to do with the merit of the claims or procedural deficiencies on the part of the class. Recognizing this harsh result, courts frequently allow amendments to add a more suitable class representative.

*In re Motor Fuel Temperature Sales Pracs. Litig.*, No. 07md1840, 2009 WL 3122501, at *2 (D. Kan. Sept. 24, 2009) ("[T]he need to substitute new plaintiffs as class representatives does not frequently arise at convenient times, such as prior to the deadlines contemplated in Rules 15 and 16. Courts in the Tenth Circuit have therefore taken a rather liberal approach in permitting the substitution of class representatives at various stages in the proceedings."); *Lindley v. Life Invs. Ins. Co. of Am.*, No. 08cv379, 2009 WL 2601949, at *4 (N.D. Okla. Aug. 20, 2009) (because "[t]he primary purpose of a class action is to resolve numerous pending claims efficiently, rather than to promote the interests of a particular plaintiff or his attorney in bringing a class action," the proper course is a motion to amend rather than filing a new lawsuit if "class certification is appropriate but plaintiff is not a suitable class representative"); *Roco, Inc. v. EOG Res., Inc.*, No. 14cv1065, 2014 WL 5430251, at *4 (D. Kan. Oct. 24, 2014) ("In class actions, where a named plaintiff's individual claims fail or become moot for a reason that does not affect the viability of the class claims, courts regularly allow or order plaintiff's counsel to substitute a new representative plaintiff."); *see also In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. 571, 585 (D.N.M. 2010) (allowing an amendment without discussing where the case was in the discovery process); *Archuleta v. City of Santa Fe*, No. 13cv363, 2014 WL 12782788, at *5 (D.N.M. Dec. 22, 2014) (allowing an amendment before discovery closed).

D.  Avoiding a separately filed, but nearly identical lawsuit, promotes efficiency

As Plaintiff point out, if the Court were to deny his motion to amend, Barrett could file another new, class action suit.[2] Having two nearly identical class actions pending simultaneously

---

[2] Plaintiff's complaint covers conduct from 2016 through February 2020. The Court need not address Plaintiff's contention that Barrett's claims would be tolled. Doc. 63 at 3 n.1. Defendant has not contested that Barrett would retain the ability to bring a separate class action lawsuit and, at this point, has not claimed that such claims would be time barred. *See* Doc. 67 at 17-18 (addressing argument that Barrett could file a separate lawsuit).

is inefficient for several reasons. If those cases are assigned to different judges, the Court and the parties will necessarily duplicate efforts litigating the same issues with the same attorneys in front of two different judges, including possibly having two trials. And, it would be more efficient to allow an amendment that keeps both cases before the same judge in the same complaint than later consolidating the cases while they are on different discovery tracks. This is particularly true where the new party is added before the motion for class certification is filed, before all discovery is complete, and before a trial date has been set.

      E.      <u>Good cause exists to amend the scheduling order</u>

In considering whether good cause exists to amend the scheduling order under Rule 16, the Court first addresses Defendant's argument that the Court should deny the motion to amend because Plaintiff failed to specifically move to amend the scheduling order. The Court rejects this argument because Plaintiff briefed the good cause standard necessary to amend the scheduling order deadline at the same time he moved to amend the complaint.

The question of whether Plaintiff has presented good cause for moving to amend after the deadline to do so expired is a more difficult question. "[I]nadvertence or negligence alone do not constitute 'good cause' . . . . Mistake of counsel or ignorance of the rules also usually do not suffice." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). "[S]ome showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.* at 175 (internal quotation marks omitted).

The Court has already concluded that, although Plaintiff might not have anticipated Defendant would challenge Martinez's adequacy as a class representative, Plaintiff, if he worked in Colorado, would have been aware of it and could have anticipated legal issues associated with going forward with his lawsuit in New Mexico. In short, Plaintiff has not adequately explained why he delayed adding a class representative who primarily worked in New Mexico.

Nonetheless, also as set forth above, courts in the Tenth Circuit appear to find good cause when the party added to a lawsuit does not add new class claims, does not add different individual claims, more adequately represents the claims of the class, and avoids the inefficiency of two nearly identical class action cases involving the same attorneys proceeding simultaneously in the same district, possibly in front of different judges. The Court also has no reason to believe that Plaintiff intentionally delayed filing his motion for tactical advantage or based on some other bad faith motive. That Plaintiff appears to be filing his motion in good faith also weighs in Plaintiff's favor.

THEREFORE, IT IS ORDERED THAT Plaintiff's Motion For Leave To Amend Complaint To Add New Named Plaintiff To Serve As Additional Class Representative, Doc. 63, is GRANTED. Plaintiff shall file his proposed First Amended Complaint separately on the docket within 21 days of the date of this Order. The Court refers any new scheduling issues arising from this Order to Judge Fashing.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE