# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FERNANDEZ MARTINEZ and SHAWNEE
BARRETT, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

v.

                                   Case No.: 1:20-cv-01052-SCY-LF

FEDEX GROUND PACKAGE SYSTEM, INC.,
a Delaware corporation,

        Defendant.

---

### FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

---

FedEx Ground Package System, Inc. ("FedEx Ground") answers the First Amended

Class Action Complaint for Unpaid Wages ("Complaint") as follows:

### STATEMENT OF THE CASE

1.      FedEx Ground states that the first sentence of paragraph 1 states a legal

conclusion to which no response is required. To the extent a response is required, FedEx Ground

states that the New Mexico Minimum Wage Act ("NMMWA") speaks for itself and denies any

allegations inconsistent with or not part of the NMMWA. FedEx Ground denies that Plaintiffs or

any individuals on whose behalf Plaintiffs purport to bring this class action ("putative class

members") were employees of FedEx Ground. FedEx Ground denies that it violated the

NMMWA. FedEx Ground denies that this action can be maintained as a class action under

Federal Rule of Civil Procedure 23, denies that persons employed by FedEx Ground have not received overtime compensation as asserted, denies that Plaintiffs and the putative class members would have been owed overtime compensation from their employers, and denies all remaining allegations in this paragraph.

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

2.      FedEx Ground denies that it employed Plaintiff Martinez in any capacity at any time. FedEx Ground lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and, on that basis, denies them.

3.      FedEx Ground denies that it employed Plaintiff Barrett in any capacity at any time. FedEx Ground lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and, on that basis, denies them.

4.      FedEx Ground admits that it is incorporated in Delaware, has its principal place of business in Moon Township, Pennsylvania, and has conducted business in the State of New Mexico.

5.      Whether this Court has jurisdiction over this action is a legal conclusion to which no response is required. To the extent a response is required, FedEx Ground denies that it is a proper defendant for the claims of Plaintiffs and any NMMWA putative class members and otherwise denies the allegations in paragraph 5.

6.      Whether venue properly lies in this district is a legal conclusion to which no response is required. To the extent a response is deemed required, FedEx Ground denies the allegations in paragraph 6 as to the case as currently pleaded.

## FACTUAL BACKGROUND

7.      FedEx Ground admits that it offers package pickup, delivery, and information services for customers throughout New Mexico and the United States. FedEx Ground otherwise denies the allegations in paragraph 7.

8.      FedEx Ground denies the allegations in paragraph 8.

9.      FedEx Ground denies the allegations in paragraph 9.

10.     FedEx Ground denies the allegations in paragraph 10.

11.     FedEx Ground admits that it is a federally registered motor carrier that contracts for package pickup and delivery services, and that it operates a nationwide network of package handling facilities. FedEx Ground denies the remaining allegations in paragraph 11.

12.     FedEx Ground denies the allegations in paragraph 12, and specifically denies that it employed or employs Plaintiffs or other drivers or runners.

13.     FedEx Ground admits that it operates package handling facilities in New Mexico. FedEx Ground specifically denies that it employed or employs Plaintiffs or other drivers or runners, and denies the remaining allegations in paragraph 13.

14.     FedEx Ground admits that it contracts for package pick-up, delivery, and information services. FedEx Ground denies the remaining allegations in paragraph 14.

15.     FedEx Ground denies the allegations in paragraph 15.

16.     FedEx Ground denies the allegations in paragraph 16, including each subpart, and avers that the Independent Service Provider Agreements ("ISPAs") between FedEx Ground and independent incorporated businesses ("Service Providers" or "SPs"), as well U.S. Department

of Transportation regulations, which speak for themselves, establish the terms and conditions for agreed-to services provided by each Service Provider.

17.     FedEx Ground denies the allegations in paragraph 17.

18.     FedEx Ground denies that it ever employed or employs Plaintiffs or any putative class member and denies that it keeps records of the hours worked by them. Regarding how Service Providers paid Plaintiffs and putative class members, FedEx Ground is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. FedEx Ground denies the remaining allegations in paragraph 18, if any.

19.     FedEx Ground lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations set forth in paragraph 19.

20.     FedEx Ground lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations set forth in paragraph 20.

21.     FedEx Ground denies the allegations in paragraph 21.

22.     FedEx Ground denies the allegations in paragraph 22.

## CLASS ACTION ALLEGATIONS

23.     FedEx Ground admits that Plaintiffs have brought a putative class action for alleged unpaid overtime, but denies that Plaintiffs' claims have any merit or that this case can be so certified. FedEx Ground otherwise denies the allegations in paragraph 23.

24.     FedEx Ground denies the allegations in paragraph 24, including each subpart.

## FIRST CLAIM FOR RELIEF

25.     FedEx Ground incorporates by reference its responses to all prior paragraphs.

26.     FedEx Ground denies the allegations in paragraph 26.

27.     FedEx Ground denies the allegations in paragraph 27.

28.     FedEx Ground denies the allegations in paragraph 28.

29.     FedEx Ground denies the allegations in paragraph 29.

30.     FedEx Ground denies the allegations in paragraph 30.

31.     FedEx Ground denies the allegations in paragraph 31.

## REQUEST FOR RELIEF

FedEx Ground denies that Plaintiffs or any putative class member are entitled to any relief, including the relief prayed for in Plaintiffs' "Request for Relief" Paragraph or elsewhere in its First Amended Class Action Complaint for Unpaid Wages.

Except as expressly admitted or denied, FedEx Ground denies the allegations set forth in Plaintiffs' Complaint.

## DEFENSES

Standing fully on its right to plead defenses in the alternative, FedEx Ground asserts the following additional or affirmative defenses and reserves the right to amend this Answer and Defenses to assert other and further additional or affirmative defenses when and if, in the course of discovery and preparation for trial, it becomes appropriate. By designating these matters as "defenses," FedEx Ground does not suggest either that Plaintiffs do not bear the burden of pleading, production, or proof as to such matters or that such matters are not elements that Plaintiffs must establish in order to make a prima facie case on one or more of their claims against Defendant. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations.

As additional defenses, FedEx Ground alleges as follows:

1.      The claims of Plaintiffs and putative class members are barred, in whole or in part, to the extent their claims have been filed beyond any applicable statute of limitations.

2.      The claims of Plaintiffs and putative class members are barred in whole or in part by the flat rate schedule, piecework, or commission exemptions to the NMMWA, or any other exemptions or exceptions in New Mexico law.

3.      The claims of Plaintiffs and putative class members are barred in whole or in part for failure to state a cause of action upon which relief can be granted.

4.      The claims of Plaintiffs and putative class members are barred in whole or in part by the doctrines of res judicata, collateral estoppel, claim preclusion, and/or issue preclusion.

5.      The claims of Plaintiffs and putative class members are barred in whole or in part insofar as they previously brought claims against FedEx Ground or Service Providers, arbitrated claims, or settled claims.

6.      The claims of Plaintiffs and putative class members, or some of them, may not be litigated in court because some or all of said individuals' claims may be subject to individual, mandatory, and binding arbitration.

7.      To the extent that Plaintiffs and putative class members were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

8.      The claims of Plaintiffs and putative class members are barred in whole or in part by their failure to mitigate or avoid their damages, if any.

9.      The claims of Plaintiffs and putative class members are barred in whole or in part by their failure to properly report or document their hours worked.

10.     At all times relevant, FedEx Ground acted in good faith in conformity with and in reliance on applicable statutes, regulations, and interpretations with regard to some or all of the alleged acts or omissions, with reasonable grounds to believe that it was not violating the NMMWA, and with no actual or constructive notice of any NMMWA violation.

11.     FedEx Ground at all times acted in good faith to comply with the NMMWA and with reasonable grounds for the belief that its actions did not violate the NMMWA, and FedEx Ground asserts a lack of willfulness or intent to violate the NMMWA as a defense to any claim for liquidated or additional damages.

12.     FedEx Ground has not willfully failed to pay any wages or monies claimed due, and there is a good faith dispute with respect to FedEx Ground's obligation to pay any sum that may be alleged due.

13.     This action is barred to the extent Plaintiffs or putative class members seek recovery for time that is not compensable time under the NMMWA.

14.     The damages, if any, of Plaintiffs and putative class members were proximately caused by persons or entities other than FedEx Ground, including independent incorporated businesses (i.e., Service Providers), Plaintiffs, and/or putative class members.

15.     FedEx Ground reserves the right to seek contribution and/or indemnification from other parties whose actions contributed to or caused the damages of Plaintiffs and putative class members, whose damages are specifically denied.

16.     The claims of Plaintiffs and putative class members are barred in whole or in part to the extent that federal law preempts the NMMWA or the claims asserted.

17.     The claims of Plaintiffs and putative class members are barred in whole or in part by federal law, including, without limitation, by the regulation of interstate and intrastate commerce in general and the transportation industry in particular, including, but not limited to, the Motor Carrier Exemption, 29 U.S.C. § 213(b)(1).

18.     The Complaint cannot and should not be maintained on a class action basis in whole or in part because Plaintiffs do not state a claim under the NMMWA.

19.     The Complaint cannot and should not be maintained on a class action basis because the claims fail to meet the necessary requirements for certification as a class action.

20.     Plaintiffs do not and cannot fairly and adequately protect the interests of the putative class members.

21.     Plaintiffs cannot establish that they satisfy the requirements of Federal Rule of Civil Procedure 23 for the purposes of a class action against FedEx Ground under the NMMWA.

22.     The claims of Plaintiffs and putative class members are barred in whole or in part by the doctrines of unclean hands, laches, waiver, estoppel, accord and satisfaction, and/or other equitable defenses.

23.     Plaintiffs and putative class members have sustained no damages or, if any, de minimis damages, which are not actionable under the NMMWA.

24.     FedEx Ground is not a proper defendant because it did not employ Plaintiffs or any putative class member, and otherwise was not responsible for the employment actions and practices of which Plaintiffs and any putative class members complain.

25.     Plaintiffs and putative class members worked for incorporated businesses (Service Providers) that employed the drivers and runners who performed pick-ups and deliveries at the

Service Providers' direction, and, as such, those incorporated businesses, not FedEx Ground, were responsible for ensuring that Plaintiffs and putative class members received proper compensation. Indeed, the Service Providers agreed in their ISPAs with FedEx Ground that they were solely responsible for paying their employees, and they agreed to comply with all federal, state, and local laws in doing so.

26.     The claims of Plaintiffs and putative class members are barred in whole or in part because New Mexico has abolished joint-and-several liability and FedEx Ground cannot be held liable for any NMMWA violations by independent incorporated business (i.e., Service Providers).

27.     The claims of Plaintiffs and the putative class members are barred in whole or in part to the extent that Plaintiffs did not perform more than 40 hours per week of work in New Mexico or their claims are otherwise barred because out-of-state conduct is not regulated by the State of New Mexico.

28.     Plaintiffs have failed to name necessary parties to the litigation pursuant to Federal Rule of Civil Procedure 19.

## RESERVATION OF RIGHTS

FedEx Ground has not knowingly or intentionally waived any applicable defenses, and it reserves the right to amend its Answer and Additional Defenses as warranted through the discovery process and to assert additional defenses that may become known to it.

## PRAYER FOR RELIEF

FedEx Ground respectfully requests that the Court dismiss Plaintiffs' First Amended Class Action Complaint for Unpaid Wages with prejudice, that the Court find that Plaintiffs and

putative class members are not entitled to any judgment or relief, that the Court enter judgment for FedEx Ground, and that the Court award FedEx Ground its costs and attorneys' fees incurred in defending this action, and such other and further relief as the Court deems just and proper.

## **JURY TRIAL**

FedEx Ground demands a jury trial on all claims so triable.

Dated:  August 22, 2022                    Respectfully submitted,

*s/ Brian T. Ruocco*
Jessica G. Scott
David J. Schaller
Brian T. Ruocco
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   scott@wtotrial.com
            schaller@wtotrial.com

*Attorneys for FedEx Ground Package System, Inc.*

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

I HEREBY CERTIFY that on August 22, 2022, a true and correct copy of the foregoing **FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** was filed electronically on the CM/ECF website. Notice of this filing will be sent to the following counsel of record by operation of the Court's CM/ECF system.

- **Michelle Cassorla**
  mcassorla@llrlaw.com

- **Brian Gonzales**
  bgonzales@coloradowagelaw.com

- **Shannon Liss-Riordan**
  sliss@llrlaw.com

- **Dustin Lujan**
  wyoadvocate@gmail.com

- **Brandt Powers Milstein**
  brandt@milsteinlawoffice.com

- **Peter Winebrake**
  pwinebrake@winebrakelaw.com

- **Jessica G. Scott**
  scott@wtotrial.com; davidson@wtotrial.com; umaguing@wtotrial.com

*s/ Jo Cooks*