IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FERNANDEZ MARTINEZ and SHAWNEE
BARRETT, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

        v.        Civ. No. 20-1052 SCY/LF

FEDEX GROUND PACKAGE SYSTEM,
INC., a Delaware corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING INTERVENTION

After denial of the motion for class certification, sixteen putative class members seek to intervene as plaintiffs in this case (hereinafter "Intervenors"). Doc. 128. Intervenors explain that they, like current plaintiffs Fernandez Martinez and Shawnee Barrett, are "current or former New Mexico FedEx delivery drivers who were paid the same amount of money regardless of how many hours they worked in a day, resulting in no premium payment for overtime hours worked in violation of the New Mexico Minimum Wage Act" ("MWA"). Doc. 128 at 2. "As such, they were putative members of the proposed class who reasonably could have relied on the original named plaintiffs to advance their individual MWA claims until this Court's order denying certification." *Id.* Defendant opposes the motion, arguing that the legal standard for intervention is not met and that the addition of new parties at this stage would be prejudicial. The Court finds that Intervenors meet the legal standard for permissive intervention. Intervenors' claims involve questions of law or fact in common with the existing Plaintiffs' claims. Further, it is more

efficient and not unduly prejudicial to resolve their claims in the context of the current case. Accordingly, the Motion To Intervene And Amend Complaint, Doc. 128, is GRANTED.

At the outset, the Court notes that Intervenors make three different arguments in support of their motion: (1) the Supreme Court has ruled that intervention is appropriate as of right for putative class members after a class action motion is denied; (2) Intervenors satisfy the standard for mandatory intervention; and (3) Intervenors satisfy the standard for permissive intervention. Because intervention is appropriate under the permissive intervention standard, the Court does not consider Intervenors' first two arguments.

Permissive intervention is appropriate where a federal statute creates a conditional right, Fed. R. Civ. P. 24(b)(1), or where the intervenor "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(2). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In this case, Intervenors have a claim that "shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). According to the proposed amended complaint, Intervenors and current Plaintiffs worked as delivery drivers in New Mexico for "independent service providers" ("ISPs") to deliver packages on behalf of Defendant. Doc. 128-1 at 3-5. Plaintiffs and Intervenors alleges that, despite working in excess of 40 hours a week, they did not receive premium overtime pay as the MWA requires. Doc. 128-1 at 9-11. Defendant's first line of defense is that, even if this allegation is true, Defendant did not employ these drivers and so is not liable under the MWA for unpaid overtime. *E.g.*, Doc. 98 at 11. In an attempt to overcome this defense, Plaintiffs and Intervenors will present evidence about the relationship between

Defendant and its ISPs, to include Defendant's mandatory guidelines common to all ISPs. Doc. 128-1 at 9-11; *see also* Doc. 84 at 7-17.

Defendant counters that allowing the Intervenors to join this lawsuit would require the Court to analyze the practices and relationships of thirteen ISPs rather than just four. Doc. 129 at 15. It also argues that, because evidence crucial to a joint employment determination will vary from driver to driver and ISP to ISP, Intervenors' and Plaintiffs' claims cannot be achieved through resolution of common questions of law or fact. *Id*. Indeed, Defendant points out, in denying Plaintiffs' motion for class certification the Court already found the absence of a common question. Doc. 129 at 15.

In making the finding Defendant references, however, the Court applied the commonality standard in Rule 23 governing class actions, not the commonality standard in Rule 24 governing intervention of individuals. As the Court stated in its order denying class action certification, "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.*; *see* Doc. 124 at 6-7. The Tenth Circuit has explained that, in the class action context, commonality

> requires a plaintiff to do more than merely identify a common contention; instead, that common contention must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. In other words, the focus of Rule 23(a)(2)'s commonality requirement is not so much on whether there exist common questions, but rather on the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.

*Naylor Farms, Inc. v. Chaparral Energy, LLC*, 923 F.3d 779, 789 (10th Cir. 2019). It was in applying this standard that this Court ruled that variances among ISPs likely would prevent the common question of employment from being decided "in one stroke." Doc. 124 at 24.

This is not the Rule 24 commonality standard. Under Rule 24, rather than asking whether a question is susceptible to resolution "in one stroke", courts must ask whether intervenors present "questions of law and fact in common with" the main action. *Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regul. Comm'n*, 787 F.3d 1068, 1074 (10th Cir. 2015). That standard is satisfied here. At a minimum, the existing plaintiffs and every intervenor will assert that certain common aspects of Defendant's contracts with the ISPs makes Defendant a joint employer and, consequently, jointly liable for any MWA violations. *E.g.* Doc. 128-1 at 6-9.

Defendant also argues that permitting intervention at this stage will delay the case and cause prejudice. Doc. 129 at 15-18. Defendant asserts the existing case is ready for trial and "if intervention is permitted, FedEx Ground will need to conduct written discovery and depose each of the movants" as well as take "[f]ull discovery of the nine new service providers." Doc. 129 at 16. The Court agrees that adding plaintiffs to this matter will cause some delay. But the relevant question is whether these intervenors should bring their claim against Defendant in this action or in multiple actions. Filing separate actions would cause more delay, compared to adding plaintiffs to the current action, as much of the discovery and procedural history of this case would have to be duplicated in the other action. As the Court observed when ruling on Plaintiffs' motion to add a second plaintiff to this case, avoiding separately filed but nearly identical lawsuits promotes efficiency for a variety of reasons, to include conservation of limited judicial resources. Doc. 71 at 7-8.

4

Finally, Defendant identifies no ascertainable prejudice as a result of the delay. Defendant will have to conduct the discovery it identifies regardless of whether it happens in this case or separate cases. It is true that the addition of parties will likely delay trial, but Defendant does not identify any concrete prejudice this will cause, such as loss of evidence. Defendant has an interest in resolving the claims against it in a timely and efficient manner, but when viewed cumulatively, multiple lawsuits are more time consuming and less efficient than adding Intervenors to this existing case. Defendant further argues that the delay will prejudice not only it, but also the "current named Plaintiffs, who now have been waiting more than three years for their claims to be heard." Doc. 129 at 17. Defendant, however, lacks standing to make this prejudice argument on behalf of parties whose interests it not only does not represent, but in fact to whose interest it is opposed. The Court finds the standard for permissive intervention is satisfied.[1]

## CONCLUSION

The Motion To Intervene And Amend Complaint, Doc. 128, is GRANTED. Plaintiffs shall file their second amended complaint separately on the docket within 21 days of the date of this Order.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court defers to the referral judge the question of establishing a deadline within which any putative class member's motion to intervene will presumptively be considered timely. *See* Doc. 128 at 12 n.5.