## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FERNANDEZ MARTINEZ, SHAWNEE          :
BARRETT, WILLIAM WALKER,             :
CHRISTOPHER DURAN, SEAN HARPER,      :      Case No.: 1:20-cv-01052-SCY-LF
DUSTIN FELT, HELIODORO GALVEZ,       :
INDICA NIETO, LEONARD BACA, MARTIN   :
NIETO, STEVEN BACA, CASEY SCHWARTZ,  :
MARIO ORNELAS, MICHAEL SHRYOCK,      :
TIMOTHY LONG, AND LAFLEET DEBASE,    :
                                     :
    Plaintiffs,                      :
                                     :
               v.                     :
                                     :
FED EX GROUND PACKAGE SYSTEM, INC.,  :
a Delaware corporation,              :
                                     :
    Defendant.                       :

---

### SECOND AMENDED COMPLAINT FOR UNPAID WAGES[1]

---

Plaintiffs Fernandez Martinez and Shawnee Barrett, and the additional plaintiffs set forth in paragraphs 4 through 17, infra, by and through undersigned counsel, file this Complaint for Unpaid Wages against FedEx Ground Package System, Inc. ("FedEx").[2]

### STATEMENT OF THE CASE

1. The New Mexico Minimum Wage Act ("MWA") requires employers operating in New Mexico to pay their employees overtime premium wages for overtime hours worked. NMSA

---

[1] The Court granted Plaintiffs leave to file their Second Amended Complaint by order dated February 5, 2024. See Dkt. 132.

[2] The Original Complaint in this case included class claims under Rule 23. See Dkt. 1. On October 27, 2023, the Court denied Plaintiffs' motion for class certification. See Dtk. 124. Plaintiffs have therefore removed the class allegations from the Second Amended Complaint. However, they respectfully reserve their rights on appeal regarding the Court's decision to deny class certification.

1978 § 50-4-19 *et seq.* FedEx violated the MWA by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked. This action seeks to recover damages and liquidated damages to compensate the plaintiffs who worked as current and former FedEx delivery drivers and runners in New Mexico and who were not paid overtime in compliance with New Mexico law.

## PARTIES, JURISDICTION, AND VENUE

2.   Plaintiff Martinez, an individual and resident of the State of New Mexico, was employed as a delivery driver and runner for FedEx from approximately 2016 to approximately February, 2020. Plaintiff was eligible to receive overtime pay under the MWA since he worked hours over forty hours per week.

3.   Plaintiff Barrett, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately October 2010 through approximately October 2019. Plaintiff was eligible to receive overtime pay under the MWA since she worked hours over forty hours per week.

4.   Plaintiff William Dean Walker, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately September 2018 through approximately January 2020. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

5.   Plaintiff Christopher Duran, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately September 2015 through approximately May 2020. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

6.    Plaintiff Sean Harper, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately March 2019 through approximately April 2020. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

7.    Plaintiff Dustin Travis Felt, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately September 2016 through approximately May 2020. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

8.    Plaintiff Heliodoro Galvez, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately May 2017 through approximately May 2018. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

9.    Plaintiff Indica Nieto, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately November 2018 through approximately March 2019. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

10.    Plaintiff Leonard Baca, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately June 2008 through approximately July 2018. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

11.    Plaintiff Martin Isaac Nieto, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately November 2018 through

approximately March 2019. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

12. Plaintiff Steven Baca, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately May 2019 through approximately May 2020. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

13. Plaintiff Casey Schwartz, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately October 2018 through approximately March 2019. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

14. Plaintiff Mario Ornelas, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately November 2015 through approximately August 2020. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

15. Plaintiff Michael Shryock, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately November 2018 through approximately May 2020. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

16. Plaintiff Timothy Long, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately October November 2015 through approximately 2018 or 2019. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

17. Plaintiff Lafleet Debase, an individual and resident of the State of New Mexico, was employed as a delivery driver for FedEx from approximately April 2018 through approximately May 2020. Plaintiff was eligible to receive overtime pay under the MWA since they worked hours over forty hours per week.

18. Defendant FedEx Ground Package System, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Moon Township, Pennsylvania. At all times relevant to this action, FedEx has conducted business in the State of New Mexico.

19. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in New Mexico.

## FACTUAL BACKGROUND

20. As a central part of its business, FedEx operates package pickup and delivery services for customers throughout New Mexico and the United States.

21. FedEx employs hundreds of package delivery drivers and runners throughout New Mexico, including Plaintiffs and others similarly situated, who: (a) work for FedEx through intermediaries called "independent service providers" ("ISPs"); and (b) have worked more than forty hours per week for FedEx and were paid a day rate, with no overtime premium payment for their overtime hours worked. These individuals are hereinafter referred to as "drivers and runners."

22. On information and belief, FedEx knows that nearly all of the drivers and runners under its control work uncompensated overtime hours in violation of the MWA. However, even if FedEx strategically "turned a blind eye" to these wage violations, it remains directly liable because, as a controlling employer, it is responsible to ensure its employee-drivers/runners are paid in accordance with New Mexico law. In other words, New Mexico law does not permit

FedEx to avoid its compliance obligations by inserting ISPs between it and its drivers/runners and requiring the ISPs to sign the drivers' and runners' paychecks. Under New Mexico law, an "employer" for overtime purposes is a broadly defined term that includes individuals and entities far beyond the entity that signs paychecks. Since FedEx is the employer of its drivers and runners, it is directly, individually and strictly liable for any and all unpaid wages and liquidated damages due to the drivers and runners– regardless of whether other persons or entities may also be liable.

23. Before instituting the ISP model of employing delivery drivers through intermediary entities, FedEx relied entirely on delivery drivers that it hired directly and treated as non-employee "independent contractors." After years of defending litigation challenging the employment status of these drivers – during which time various courts held that FedEx misclassified the drivers as independent contractors[3] – FedEx shifted to the ISP model in an effort to continue to avoid liability under the wage laws for its delivery drivers.

24. FedEx operates a statewide network of package handling terminals to serve its customers' package pick-up and delivery needs throughout New Mexico. FedEx advertises its delivery and pick up services and negotiates with its customers to provide the package pick-ups and deliveries performed by Plaintiffs and other drivers and runners throughout New Mexico under the policies and procedures of FedEx.

25. Plaintiffs and other drivers and runners working for FedEx typically worked full-time and exclusively as FedEx drivers and runners, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

---

[3]     *See, e.g., Craig et al. v. FedEx Ground Package System, Inc.,* 335 P.3d 66 (Kan. 2014); *Alexander et al. v. FedEx Ground Package System, Inc.,* 765 F.3d 981 (9th Cir. 2014); *Slayman et al. v. FedEx Ground Package System, Inc.,* 765 F.3d 1033 (9th Cir. 2014). FedEx ultimately settled these and many similar cases in an MDL litigation styled *In re FedEx Ground Package System Employment Practices Litigation* and assigned to the Northern District of Indiana.

26. Plaintiffs and other drivers and runners worked out of FedEx-owned and operated terminals located in New Mexico, where FedEx managers oversee and manage the package delivery operations.

27. The services rendered by Plaintiffs and other drivers and runners are integral to FedEx's business because FedEx's business is to pick up and deliver packages—exactly the work performed by Plaintiffs and other drivers and runners.

28. Plaintiffs and other drivers and runners are required to perform their delivery and pickup duties pursuant to FedEx's policies and procedures dictated to them both directly by FedEx managers and indirectly through FedEx ISPs. These policies include a strict schedule of pickup and delivery of its packages to comply with FedEx's same-day delivery requirements. Often, the drivers' and runners' schedules are directly dictated by the volume of packages that FedEx requires to be delivered within the service area that the drivers and runners are employed to service. This volume is based on the needs of FedEx's customers.

29. FedEx micromanages the manner in which Plaintiffs and other delivery drivers and runners working under ISPs perform their work. Some of this micromanaging is performed directly by FedEx managers, and some is performed by the ISPs, pursuant to standards and requirements established and enforced by FedEx. For example:

a. FedEx requires that the delivery drivers and runners have specific equipment on their vehicles when they perform deliveries for FedEx;

b. FedEx requires the delivery drivers and runners to wear a uniform bearing FedEx's logos and color scheme and to maintain personal standards established by FedEx;

c. FedEx requires the delivery drivers and runners to place specific signage on their vehicles bearing FedEx's name and logo;

    d.   FedEx assigns the specific packages that the delivery drivers and runners must deliver and dictates when the packages must be delivered;

    e.   FedEx requires the drivers and runners to scan all assigned packages with a specific scanner designated by FedEx upon loading each morning and upon delivery;

    f.   FedEx requires the drivers and runners to begin and end each day at a designated terminal operated by FedEx;

    g.   Customer comments and complaints regarding the drivers' and runners' job performance are made directly to FedEx, who uses its own discretion on what action to take;

    h.   FedEx closely monitors the job performance of the drivers and runners, tracking whether each delivery is "successful" based on FedEx's own standards;

    i.   FedEx has the authority to require its ISPs to terminate the drivers and runners working under them if FedEx believes they should be terminated.

30.  Drivers and runners frequently will work under different FedEx ISPs, or even directly for FedEx, and when this occurs, their job duties and the procedures they are required to follow do not differ in any material way.

31.  FedEx drivers and runners, including Plaintiffs, worked more than forty hours per week and were paid fixed "day rates" with no overtime compensation. FedEx keeps computer-based records of the hours worked by its drivers and runners.

32.  For example, during the last three years of his employment, Plaintiff Martinez worked, on average, approximately 12-18 hours per day, six days per week and was not paid overtime wages for those hours over 40 that he worked each workweek. During the first year of his tenure, Plaintiff Martinez worked, on average, approximately 10-12 hours per day, six days per week, with no overtime pay.

33.  Similarly, from approximately 2017 to 2019, Plaintiff Barrett typically worked six days per week and approximately 50-60 hours per week, with no overtime pay.

34.  Plaintiff William Dean Walker typically worked approximately 50-70 hours per week, with no overtime pay.

35.  Plaintiff Christopher Duran typically worked approximately 60 hours per week, with no overtime pay.

36.  Plaintiff Sean Harper typically worked approximately 60 hours per week, with no overtime pay.

37.  Plaintiff Dustin Travis Felt typically worked approximately 45-60 hours per week, with no overtime pay.

38.  Plaintiff Heliodoro Galvez typically worked approximately 60-70 hours per week, with no overtime pay.

39.  Plaintiff Indica Nieto typically worked approximately 50-60 hours per week, with no overtime pay.

40.  Plaintiff Leonard Baca typically worked approximately 60 hours per week, with no overtime pay.

41.  Plaintiff Martin Isaac Nieto typically worked approximately 50-60 hours per week, with no overtime pay.

42.  Plaintiff Steven Baca typically worked approximately 50-60 hours per week, with no overtime pay.

43.  Plaintiff Casey Schwartz typically worked approximately 70-80 hours per week, with no overtime pay.

44. Plaintiff Mario Ornelas typically worked approximately 80 hours per week, with no overtime pay.

45. Plaintiff Michael Shryock typically worked approximately 50-60 hours per week, with no overtime pay.

46. Plaintiff Timothy Long typically worked approximately 60-70 hours per week, with no overtime pay.

47. Plaintiff Lafleet Debase typically worked approximately 50-60 hours per week, with no overtime pay.

48. Because FedEx is these drivers' and runners' employer, as defined by the MWA, it is liable to them for unpaid overtime wages and liquidated damages.

49. By creating a system in which FedEx employs delivery drivers and runners through intermediary FedEx ISPs, who generally have no other delivery business other than delivering to FedEx customers, FedEx has attempted to evade its responsibilities under the MWA.

**FIRST CLAIM FOR RELIEF**
**(Violation of the MWA, NMSA 1978 § 50-4-19, *et seq*.)**

50. Plaintiffs incorporate by reference all of the above paragraphs.

51. At all relevant times, FedEx has been, and continues to be, an "employer" within the meaning of the MWA.

52. At all relevant times, FedEx employed, and continues to employ, "employees", within the meaning of the MWA.

53. Plaintiffs were employees of FedEx within the meaning of the MWA.

54. Because of the foregoing conduct, as alleged, FedEx has failed to pay wages due under the MWA, thereby violating, and continuing to violate, the MWA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

55. FedEx violated and continues to violate its drivers' and runners' right to be paid overtime wages as part of a continuing course of conduct.

56. As a result, Plaintiffs have been damaged in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and against FedEx as follows:

a. Awarding Plaintiffs their compensatory damages, liquidated damages (aka "treble damages"), service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiffs their pre-judgment, post-judgment and moratory interest as provided by law; and

c. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of February, 2024.

*s/ Harold Lichten*
Harold Lichten (*pro hac vice*)
Shannon Liss-Riordan (*pro hac vice*)
Zachary Rubin (*pro hac vice*)
Matthew Carrieri (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Phone: 617.994.5800
hlichten@llrlaw.com
sliss@llrlaw.com
zrubin@llrlaw.com
mcarrieri@llrlaw.com

Brandt Milstein
MILSTEIN LAW OFFICE
2400 Broadway, Suite B
Boulder, CO 80304
Phone: 303.440.8780

brandt@milsteinlawoffice.com

Brian D. Gonzales (*pro hac vice*)
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, CO 80528
Phone: 970.214.0562
bgonzales@coloradowagelaw.com

Peter Winebrake (*pro hac vice*)
Mark J. Gottesfeld (*pro hac vice*)
Michelle Tolodziecki
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, Pennsylvania 19025
Phone: 215.884.2491
pwinebrake@winebrakelaw.com
mgottesfeld@winebrakelaw.com
mtolodziecki@winebrakelaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2024, I served a copy of this pleading by electronic

filing on all counsel of record in this case via ECF.

*s/ Harold Lichten*
Harold Lichten